**Brenda CAMPBELL, Plaintiff,**

v.

**RESTAURANTS FIRST/NEIGHBORHOOD RESTAURANT, INC., Defendant.**

No. CIV.A. 2:03–2433.

United States District Court, S.D. West Virginia, Charleston Division.

Jan. 28, 2004.

Donald C. Wandling, Avis Witten & Wandling, Logan, WV, for Plaintiff.

Charles L. Woody, Teresa C. Turner, Spilman Thomas & Battle, Charleston, WV, for Defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, District Judge.

Pending is Plaintiff Brenda Campbell's motion to remand. The Court **DENIES** the motion.

### I. FACTUAL BACKGROUND

Defendant Restaurants First/Neighborhood Restaurant, Inc. (RFNR) operates a Wendy's fast food establishment in Logan County, West Virginia. On November 7, 2001 Campbell was visiting the restaurant. During her visit she suffered a slip and fall. According to Campbell,

[a]s a result ... [she] suffered an injury to her knee and was otherwise injured, suffered great pain of body and mind, was caused to expend monies for medical attention and hospitalization, was caused to change her lifestyle, was caused to lose the normal enjoyment of life, and all of [her] injuries are both temporary and permanent in nature.

(Am.Compl.¶ 4.) Campbell sought "an amount that will fully and fairly compensate ... for her injuries and damages." (*Id.*) To achieve that end, she sent a demand letter to RFNR's insurance carrier. The letter stated pertinently:

Our client's medical bills total $18,874.51.

Our client's injuries were diagnosed as strain of the left ankle, strain of the right knee with torn meniscus, strain of the left knee and strain of the right knee. Our client has permanent injuries according to Dr. Guberman. The injuries of our client will cause the following activities to be restricted in the future: prolonged sitting, standing, walking, squatting, kneeling, or crawling.

Considering the injuries to our client, the special damages of our client, and the liability in the case, we here demand the amount of $150,000.00, to settle and compromise this claim.

(Not. of Remov., ex. A at 1.)

On December 10, 2003 RFNR removed. On December 30, 2003 Campbell moved to remand. Campbell asserts her post-removal affidavit limiting her damages to the sum of $75,000.00 should control the amount-in-controversy determination.

### II. DISCUSSION

Binding precedent establishes the futility of a post-removal attempt by a plaintiff to manipulate the amount in controversy. *See Hutchens v. Progressive Paloverde Insurance Co.*, 211 F.Supp.2d 788, 791 (S.D.W.Va.2002) ("Plaintiff's affidavit, filed after Progressive removed this action, averring that he will neither seek nor accept more than $74,500 is unavailing."); *McCoy v. Erie Ins. Co.*, 147 F.Supp.2d 481, 486 (S.D.W.Va.2001)("A binding pre-removal stipulation should alleviate unseemly forum gaming, which has occurred frequently in the wake of *Adkins'* relaxed approach.").

Rather, the Court looks to a variety of other factors in determining whether the jurisdictional amount is satisfied:

" 'the type and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate. The possible damages recoverable may be shown by the amounts awarded in other similar cases. Another factor for the court to consider would be the expenses or losses incurred by the plaintiff up to the date the notice of removal was filed. The defendant may also present evidence of any settlement demands made by the plaintiff prior to removal although the weight to be given such demands is a matter of dispute among courts.' "

*Erie*, 147 F.Supp.2d at 489 (quoted authority omitted). Further, "in reaching a conclusion with regard to the amount in controversy based upon this evidence, the court 'is not required to leave its common sense behind.'" *Id.* (quoted authority omitted).

One of the primary functions of a demand letter is to convey to the defending party one's estimation of the value of the case. It is true many plaintiffs will "open high," on the assumption the negotiation process will whittle the initially requested sum to some degree. It is also true, however, an initial demand might actually be somewhat below the case's real value when an injured plaintiff is seeking an expeditious recovery without the time and expense further litigation and a jury trial might entail.

It is significant Campbell demanded double the jurisdictional amount. Also, she emphasized in her complaint and in the demand letter the painful, and permanent, nature of her injuries. Although her medical bills total just shy of $20,000, when one considers the additional elements of pain and suffering and future damages, one can easily conclude the amount in controversy is satisfied. *See, e.g., Moore v. St. Joseph's Hosp. Of Buckhannon, Inc.,* 208 W.Va. 123, 125, 538 S.E.2d 714, 716 (2000)(noting the longstanding West Virginia rule that "'[w]here a verdict does not include elements of damage which are specifically proved in uncontroverted amounts *and a substantial amount as compensation for injuries and the consequent pain and suffering,* the verdict is inadequate and will be set aside.'")(emphasis added)(quoting Syl. Pt. 3, *Kaiser v. Hensley,* 173 W.Va. 548, 318 S.E.2d 598 (1983)).

Accordingly, the Court concludes RFNR has established the amount in controversy by a preponderance of the evidence. The motion to remand is **DENIED**.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record. This Opinion is published on the Court's public website at www.wvsd.uscourts.gov.